**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MOHAMED BOUKADOUM and** | * | |
| **WASHIBA BOUKADOUM** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | **Civil No. PJM 06-737** |
| | * | |
| **ROGER LEE HUBANKS, et al.,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

**OPINION**

This case highlights a continuing problem which seems unlikely to receive appellate review, but which nonetheless merits consideration with an eye toward the establishment of a more reasonable, uniform procedure.[1]  The problem is this:  When a non-party, typically a health care provider, is requested to provide documents pursuant to Federal Rule of Civil Procedure 45, to what extent must the requesting party engage in a good faith effort to obtain the documents from the non-party before filing a motion to compel production, whether or not accompanied by a request for attorney's fees and costs?

**I.**

This is defense counsel's second Motion to Compel documents from non-party health care providers in this case.  In the present Motion, counsel alleges that three health care providers have

---

[1]      The Local Rules Committee of the Court may also wish to consider the adoption of a rule that addresses the problem.

failed to respond to his subpoenas for the records of Plaintiff Mohamed Boukadoum, and seeks attorney's fees and costs in connection with the Motion.

The first time this issue arose, which involved counsel's Motion to Compel a different health care provider, the Motion included a certificate of a good faith attempt to cure the non-production, but indicated only that counsel had sent the original "Notice of Deposition" and accompanying subpoena to the respondent health care provider.[2] After reviewing the Motion, the Court *sua sponte* contacted counsel and inquired as to any further attempts that counsel might have made to communicate with the health care provider before filing. Counsel responded that it was not his practice to telephone providers that failed to produce records because, given the number of subpoenas he issues to various health care providers each day, it would not be cost-effective to do so. Nonetheless, counsel indicated that he would comply with any request for follow-up that the Court might direct. The Court thereupon directed counsel to contact the non-responding health care provider by telephone and file a document with the Court certifying that he had done so. Upon the filing of a certificate stating that he had made telephone contact with the provider and the provider's apparent continued failure to respond, the Court granted the first Motion to Compel, without however granting counsel's prayer for fees and costs.

---

[2] Under regulations authorized by the Health Insurance Portability and Accountability Act ("HIPAA"), when seeking medical information, attorneys may not have ex parte contact with doctors, hospitals and other providers without the patient's consent or without a qualified protective order. *See* 45 C.F.R. § 164.512; *see also Bayne v. Provost*, 359 F. Supp. 2d 234, 241 (N.D. N.Y. 2005).

The Notice of Deposition in this case did advise the health care provider that, pursuant to HIPAA, the patient whose records were requested had been informed of the request for records and that the deadline set for the production of records (30 days) would allow the individual patient sufficient time to object to the request. *See* 45 C.F.R. §164.512(e)(1)(iii).

Counsel has now filed a similar request seeking to compel records from three non-party health care providers.  This time, however, as part of his certificate of good faith effort, he indicates that approximately six weeks subsequent to the mailing of the Notice of Deposition and subpoena,[3] he sent a letter to each of the three providers which read as follows: "Please be advised that 30 days have elapsed since the subpoena and notice of deposition were served on you, [and] that the patient and her attorney have not objected to the disclosure of the requested medical records.  Please forward the responsive records at your earliest convenience."  All three letters were sent on September 11, 2006.  On October 26, 2006, not having received responsive documents, counsel filed this Motion to Compel.  The non-party health care providers have yet to submit the requested documents.

## II.

Federal Rule of Civil Procedure 45 provides for production of records by non-parties.[4]

---

[3]      The Notice of Deposition is identical in form to the one that gave rise to the first Motion to Compel.

[4]      Rule 34 makes Rule 45 applicable to non-parties:  "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."  Fed. R. Civ. P. 34(c).

Rule 45 provides for the issuance of subpoenas:
(a)  Form; Issuance
(1) Every subpoena shall
(A) state the name of the court from which it is issued; and
(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and
(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and
(D) set forth the text of subdivisions (c) and (d) of this rule.

3

While the Rules seem to suggest that counsel must engage in a good faith effort to obtain production from a non-party prior to moving to compel, insofar as there is any "requirement," it must be teased out from among various provisions.   Thus, the rule governing motions to compel specifically contemplates "[a]n application for an order to a person who is not a party." Fed. R. Civ. P. 37(a)(1). However, the section of the rule that establishes the good faith requirement appears to apply to four specific scenarios primarily of *party* non-responsiveness,[5] but not to the non-production of documents by either parties or non-parties. Fed. R. Civ. P. 37(a)(2)(B).  But the Rule also goes on to provide that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the *person* or party failing to make the discovery in an effort to secure the information or material without court action," a clause which can be read to apply to

---

> A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately. . .

Fed. R. Civ. P. 45(a)(1).

[5]     The four scenarios are these:  "If a *deponent* fails to answer a question propounded or submitted under Rules 30 or 31, or a *corporation* or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a *party* fails to answer an interrogatory submitted under Rule 33, or if a *party*, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request."  Fed. R. Civ. P. 37(a)(2)(B) (emphasis added).

One of these scenarios, i.e., when "a deponent fails to answer a question propounded or submitted under Rules 30 or 31," can obviously apply to non-parties, but that language does not quite capture the circumstances presented by this case.  Rule 30, which governs depositions upon oral examination, may also be used to obtain production of documents from non-parties without an oral deposition actually taking place, which is what counsel sought to do here.  See Fed. R. Civ. P. 30(b)(1). The semantic difficulty is that even if a request for production of documents to a non-party is considered a "deposition" and a health care provider is considered a "deponent," a request for records alone is not exactly a "question propounded or submitted."

all instances of non-responsiveness, including requests for documents. *Id*. (emphasis added). Putting this last sentence together with Rule 34(c) ("A person not a party to the action may be compelled to produce documents and things . . . as provided in Rule 45"), it may be inferred that the good faith requirement also applies to motions seeking production against non-parties.

On the other hand, the Local Rule of this District that deals with the non-production of documents requires that counsel make a good faith effort to accomplish production before filing a motion to compel and to certify that he has done so without success only with respect to parties.[6] There is no requirement of good faith efforts to confer with non-parties.[7]

The lack of clarity in the Federal Rules and the absence of an express directive in the Local Rules aside, giving a non-party the courtesy of a letter or phone call before filing a motion in court to compel a response would seem to involve minimal effort. On the other hand, it can fairly be assumed that health care providers, for example, are busy entities constantly obliged to cope with requests for records in connection with litigation. Deadlines for the production of documents may be overlooked. If, as a result of such oversight, the providers are immediately faced with a formal

---

[6]     Rule 104.7 of this Court sets out good faith requirements for resolution of disputes between counsel: "Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."

[7]     Rule 104.8 of this Court, which establishes the procedure for motions to compel, provides that as to a non-party, a motion to compel "shall be filed with the Court and treated as any non-discovery motion, except that . . . the Court will not consider the motion until a conference has been held under L.R. 104.8.b and a certificate has been filed under L.R. 104.8.c." Rules 104.8.b and 104.8.c, however, contemplate a conference *among counsel*; they say nothing about good faith conferences with non-parties, which very likely will not be represented by counsel.

5

motion to compel, one very likely seeking attorney's fees and costs, they may feel compelled to consult with counsel of their own in order to explain to the court, at the very least, why fees and costs should not be assessed against them.  Given that a simple phone call or letter might resolve the problem altogether,[8] the practice of immediately filing motions with the court certainly suggests a lack of proportion.

Accordingly, the Court holds that where counsel subpoenas documents from a non-party, especially a health care provider, and the documents are not forthcoming on the appointed date, counsel must engage in a good faith effort to secure the non-party's compliance before filing a motion to compel and must certify to the effort made as part of the motion to compel.  The mere filing of a notice of deposition and subpoena will not suffice to warrant either the filing or the grant of a motion to compel when the records are not produced.

Counsel has suggested that having to undertake such efforts would present an inconvenience for "busy" practitioners.  The Court, while respectful of practitioners, busy or otherwise, believes that both the law and common courtesy require some extra effort on counsel's part if the goal of just litigation is to be accomplished.  The Court is satisfied that requiring the few additional steps established here will not unduly burden practitioners, while at the same time other "busy" members of society, including health care providers, will be shown appropriate deference.

**III.**

---

[8]     The Court understands based on experience that there are specifically designated individuals at health care facilities who may be contacted with regard to these records.  Simply leaving a message for a return call without identifying an appropriate records custodian or without leaving a statement that documents are overdue, and that their non-production may result in a court filing involving possible assessment of attorney's fees and costs, is unlikely to be sufficient.

Applying the good faith effort standard in the present case, the Court finds that counsel's actions pass muster, but barely. Counsel's letter to each custodian of records reminding them of their obligation to produce records has the makings of the type of good faith effort envisioned by this Opinion. However, the Court notes a few respects in which counsel's effort might be improved. First, the original Notice of Deposition, dated July 31, 20006, requests production of the records within 30 days, setting the deadline as August 31, 2006. According to the notice, this date "permits the [patient] sufficient time to raise objections to the court." The notice provided to the patient, however, indicates that he or she must object within 30 days.[9] In this instance, therefore, counsel has demanded that records be produced on the very day that the 30-day period in which the patient could object would elapse.[10]

Second, counsel's letters to the providers state that the records should be forwarded "at your earliest convenience," but in no way warn the providers that, if they do not perform in timely fashion, they may face a motion to compel and the specter of attorney's fees and costs. Nor do the follow-up letters provide a new deadline or indicate a new time and place for production of the records. A more appropriate follow-up letter would advise the health care provider that no objection had been filed by the patient within 30 days, that the records were now past due, that a new date, time, and place for production were being established, and that should the new deadline not be met, counsel would be constrained to file a motion for production in court, accompanied by a request for

---

[9]     Per Md. Code. Ann. Health-Gen. § 4-306(b)(6), a health care provider can provide records upon "a written assurance from the party or the attorney representing the party seeking the medical records that . . . A person in interest has not objected to the disclosure of the designated medical records and 30 days have elapsed since the notice was sent . . . ."

[10]     The Court notes, however, that the patient did not in fact object either within the 30 days or thereafter.

attorney's fees and costs.

Even so, for present purposes, counsel's efforts will be deemed sufficient to warrant the issuance of the Order to Compel.  Given, however, the referenced deficiencies in the follow-up letters and the absence of any showing of bad faith on the part of the providers, counsel's request for fees and costs will be denied.

**IV.**

For the foregoing reasons, the Motion to Compel the custodians of records of Lab Corp, Lab Corp of America and Washington Medical Group [Paper No. 15] to produce records is GRANTED IN PART and DENIED IN PART.  A separate order will be ENTERED.

_____/s/_____

PETER J. MESSITTE

UNITED STATES DISTRICT JUDGE

November 28, 2006